NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RLR INVESTMENTS, LLC | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 07-cv-3648 (DMC) |
| TOWN OF KEARNY, ALBERTO G. SANTOS, MAYOR, COUNCIL OF THE TOWN OF KEARNY, PLANNING BOARD OF THE TOWN OF KEARNY, KEARNY-HARRISON, LLC, | |
| Defendants. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Town of Kearny ("the Town"), Mayor Alberto G. Santos ("Santos"), Council of the Town of Kearny ("Town Council") and Planning Board of the Town of Kearny ("Planning Board") (collectively "Kearny Defendants") to dismiss Plaintiff RLR Investments, LLC's ("Plaintiff") Complaint pursuant to FED. R. CIV. P. 12(b)(1) and (6) and upon motion by Defendant Kearny-Harrison, LLC ("Kearny-Harrison")[1] to dismiss Plaintiff's Complaint, pursuant to FED. R. CIV. P. 12(b)(1) and (6). On June 19, 2008, Plaintiff filed an Amended Complaint while the subject motions to dismiss were pending, without requesting leave of Court; as such, the Amended Complaint is not considered. After carefully considering the proper submissions of the parties, and based upon the following, it is the finding of this Court that Defendants' motions to dismiss are **granted**.

I. **BACKGROUND**

---

[1] The Town, Santos, Town Council, Planning Board and Kearny-Harrison will collectively be "Defendants."

On August 3, 2007, Plaintiff filed a seven Count Complaint with this Court. The Complaint was filed on the heels of the Town's second notice of intent letter seeking permission to execute pre-condemnation investigations and studies. In the instant action, Plaintiff challenges the effectuation and implementation of New Jersey's eminent domain statutes. Specifically, Plaintiff brings the following claims: (1) a facial and as-applied constitutional challenge to N.J.S.A. 40A:12A-8h (Count I); (2) a facial and as-applied constitutional challenge to N.J.S.A. 20:3-16 (Count II); (3) a violation of the Public Use Clause of the United States Constitution and the New Jersey Constitution (Count III); (4) a challenge to Defendants' "authority to condemn" (Count IV); (5) a violation of the Blighted Areas Clause of the New Jersey Constitution (Count V); (6) arbitrary and capricious redevelopment actions (Count VI); and a violation of the New Jersey Eminent Domain Act (Count VII). In September 2006, Plaintiff brought suit against the same Defendants, alleging violations of the Public Use Clause of the United States Constitution and New Jersey Constitution, a violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution, arbitrary and capricious conduct by Defendants and a violation of New Jersey's Eminent Domain Act, which this Court dismissed. See RLR Invs., LLC v. Town of Kearny, No. 06-4257, 2007 U.S. Dist. LEXIS 44703 (D.N.J. June 18, 2007).

Plaintiff is the landowner of property located at 50 Harrison Avenue, Kearny, New Jersey and a real estate holding affiliate of R+L Carriers, Inc. ("R+L").

Plaintiff operates a "less than truckload" ("LTL") business.[2] Plaintiff claims that the Kearny

---

[2]The LTL industry serves the "needs of businesses and individuals that do not require a full-truck load movement of their goods." LTL carriers pick up shipments from customers and brings these shipments to a centralized city. Prior to reaching the centralized city, LTL carriers sort, load and combine freight onto outbound trucks at regional "hub" terminals. For example, freight destined for Texas from Massachusetts, would first go to a "hub" (in this instance Kearny) to be combined with other fright destined for Texas from other areas within the region. Then, once the freight is at full capacity, trucks are sent to the centralized city for local delivery.

property at issue is central to its entire northeast LTL operation because nearly all freight that originates in the northeast must first pass through the Kearny terminal. Between January 11, 2000 and the filing of the first lawsuit in September 2006, Defendants adopted and effectuated multiple redevelopment resolutions and ordinances for the possible implementation and future acquisition of Plaintiff's property.[3] On September 8, 2006, the same day Plaintiff filed the first lawsuit, the Town sent a notice of intent, pursuant to N.J.S.A. 20:3-16, seeking Plaintiff's permission to conduct preliminary investigations of the property. Litigation delayed this preliminary entry and following the dismissal of the first lawsuit, the Town sent a second notice of intent letter on July 10, 2007, pursuant to N.J.S.A. 40A:12A-8h. Similar to the first notice of intent, this letter again endeavored to seek Plaintiff's permission to enter the property and conduct preliminary investigations, including wetland delineation, geotechnical investigations, environmental investigations, surveys and civil engineering. Defendants sought to commence this preliminary entry on August 6, 2007. On August 3, 2007, Plaintiff sent a letter denying permission. Plaintiff alleges that the preliminary entry, permitted under New Jersey's Eminent Domain Act and Local Redevelopment and Housing Law, is "invasive" and "substantially interfere[s]" with the "use and enjoyment of the property." Plaintiff brings the subject lawsuit to resolve whether a second notice of intent to conduct pre-condemnation investigations, under a similar statute, gives Plaintiff a legitimate constitutional claim.

## II.   STANDARD OF REVIEW

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. &

---

[3] Plaintiff and Defendants also entered into a Redeveloper Agreement on July 26, 2006. For purposes of this case, the Agreement provides clauses for the right to conduct preliminary investigations. In particular, Defendants have a right to conduct geotechnical and environmental due diligence studies.

Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction.'" Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981) cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176 (3d Cir. 2000)). "Where an attack on jurisdiction implicates the merits of plaintiff's federal cause of action, [however], the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6). Furthermore, "[i]t is well settled that procedural issues such as standing, mootness and ripeness are to be determined prior to any substantive analysis." CBS Outdoor, Inc. v. N.J. Transit Corp., No. 06-2428, 2007 U.S. Dist. LEXIS 64155, at *27 (D.N.J. Aug. 30, 2007) (citing ISP Envtl. Servs. V. City of Linden, No. 05-4249, 2007 U.S. Dist. LEXIS 32614, at *7 n.1 (D.N.J. May 3, 2007)).

In deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

### III.    DISCUSSION

####       A. Res Judicata

Defendants argue that res judicata bars Plaintiff's new cause of action because aside from the claim surrounding N.J.S.A. 20A:12A-8h, the two litigations are identical.  Central to the court's role of resolving litigation in a conclusive manner and thereby closing the door to the possibility of inconsistent decisions, res judicata endeavors to conserve judicial resources, foster reliance on judicial action and avoid the expense and vexation that accompanies multiple lawsuits.  See EEOC v. United States Steel Corp., 921 F.2d 489, 492 (3d Cir. 1990).[4]  Further, Defendants assert that the New Jersey Entire Controversy Doctrine bars this subsequent litigation.  See N.J.R. 4:30A.  The entire controversy doctrine seeks to cement the legal adjudication of related claims and defenses of an underlying controversy, in one court, at one time.  See Venuto v. Witco Corp., 117 F.3d 754, 761 (3d Cir. 1997). The party "sought to be barred must have had a full and fair opportunity to have litigated that claim in the original action."  See DiTrolio v. Antiles, 142 N.J. 253, 273 (1995)(citing Cafferata v. Peyser, 251 N.J. Super. 256, 261 (App. Div. 1991)).

When applying res judicata, the preclusion laws of the issuing court determine whether state or federal preclusion laws apply to the subsequent litigation.  Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 135-36 (3d Cir. 1999); see also Watkins v. Resorts Int'l Hotel and Casino, Inc., 124 N.J. 398 (1991).  The entire controversy doctrine is "stretch[ed]..to its breaking point" when no previous litigation has occurred within a New Jersey state court forum.  Fioriglio v. City of Atlantic

---

[4]The doctrine of res judicata is often construed to apply to both claim and issue preclusion.  Defendants assert both preclusion doctrines, however, claim preclusion is the concept that must be applied in the present action.

City, 963 F. Supp. 415, 422 (D.N.J. 1997).  Defendants seek to apply the entire controversy doctrine because it encompasses a broader reach than traditional res judicata doctrines.  See Id. at 423 (noting that under the second step of an Erie[5] analysis, the action is "outcome-determinative" because if New Jersey law is applied, the action would be barred under the entire controversy doctrine, whereas application of federal preclusion law would allow the action to go forward).  Since the first action was decided by this Court, federal preclusion rules apply.  In order to assert a claim for federal preclusion, the following three elements must be met: (1) final adjudication on the merits; (2) same claim; and (3) same parties or privies.  Sutton v. Sutton, 71 F. Supp. 2d 383, 389 (D.N.J. 1999), aff'd 216 F.3d 1077 (3d Cir. 2000), cert. denied, 531 U.S. 928 (citing EEOC v. United States Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990)).

In the first action, this Court held that preliminary entry, pursuant to N.J.S.A. 20:3-16, did not constitute an "imminent" taking because it was "a step taken by the town in order to determine whether a taking of Plaintiff's property may be appropriate."  RLR, 2007 U.S. Dist. LEXIS 44703, at *14.  No final decision was reached regarding Plaintiff's property because no condemnation proceedings had been initiated pursuant to N.J.S.A. 20:3-8, and accordingly, this Court dismissed Plaintiff's federal claims for a lack of subject matter jurisdiction.  Id. at *16.  Lack of subject matter jurisdiction is not an adjudication on the merits.  Sutton 71 F. Supp. 2d at 383 (finding that three previous federal law suits dismissed for lack of subject matter jurisdiction did not trigger principles of res judicata); see FED. R. CIV. P. 41(b).  While this Court is apprehensive to allow Plaintiff a second bite at the apple, jurisprudence requires fairness to overstep efficiency in this instance

---

[5] See generally Erie R.R. v. Tompkins, 304 U.S. 64 (U.S. 1938).

because res judicata principles do not apply to the subject action.

### B. Constitutional Challenges

The Fifth Amendment prohibits the taking of private property without just compensation. U.S. Const. amend. V. This property protection is applicable to the states via the Fourteenth Amendment. Chicago B&Q R.R. Co. v. Chicago, 166 U.S. 226, 239 (1897). States are not unfettered because, although the power of condemnation "involves the exercise of one of the most awesome powers of government, [such powers] must always be exercised in the public interest." Harrison Redevelopment Agency v. DeRose, 398 N.J. Super. 361, 402-03 (App. Div. 2008) (citing City of Atlantic City v. Cynwood Invs., 148 N.J. 55, 73 (1997)).

Plaintiff asserts both an as-applied and facial constitutional challenges to N.J.S.A. 40A:12A-8h[6] and N.J.S.A. 20:3-16,[7] arguing preliminary entry and investigations amounts to a "physical invasion and occupation of private property that substantially interferes with the rights of the owner." (Compl. ¶¶ 36-46). Nearly identical, both statutes authorize the effectuation and authorization by the prospective condemnor and/or redeveloper to gain preliminary entry onto the to conduct investigations, surveys, tests, soundings, soil borings and appraisals. See N.J.S.A. 40A:12A-8h and N.J.S.A. 20:3-16. As Harrison indicated, there is a "strong..legislative desire that the two statutes

---

[6] N.J.S.A. § 40A:12A-8h of the Local Redevelopment and Housing Law provides: "Upon adoption of a redevelopment plan...the municipality or redevelopment entity designated by the governing body may proceed with the clearance, planning, development and redevelopment of the area designated in the plan. In order to carry out and effectuate the purposes of this act and the terms of the redevelopment plan, the municipality or designated redevelopment entity may: Enter upon any building or property in the redevelopment area in order to conduct investigations or make surveys, soundings or test soil borings necessary to carry out the purposes of the act."

[7] N.J.S.A. § 20:3-16 of the Eminent Domain Act provides: "Prior to commencement of any action, a prospective condemnor and its employees and agents, during reasonable business hours, may enter upon any property which it has authority to condemn for the purpose of making studies, surveys, tests, soundings, borings and appraisals, provided notice of the intended entry is sent to the owner of the occupant of the property by certified mail at least 10 days prior thereto."

[are] to be applied to a particular redevelopment initiative in a coordinated and harmonized fashion." 398 N.J. Super. at 397. Under the principle of *in pari materia*, statutes addressing the same subject matter should generally be read as if they were one law. Lafferty v. Gito St. Riel, 495 F.3d 72, 81 (3d Cir. 2007). As such, this Court will analyze the two statutes in accordance with one another.

As an initial matter, this Court must determine whether Plaintiff's constitutional claims are justiciable under the ripeness doctrine. RLR, 2007 U.S. Dist LEXIS 44703, at *7. Ripeness is a justiciability doctrine that seeks to avoid deciding legal issues that are not distinctively concrete for decision. United States ex rel. Ricketts v. Lightcap, 567 F.2d 1226, 1232 (3d Cir. 1977). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Heir, 218 F. Supp. 2d at 634 (quoting Texas v. United States, 523 U.S. 296, 299 (1998)).

**1. Takings Clause**

In reviewing whether an as-applied Fifth Amendment Just Compensation Takings claim is ripe, the United States Supreme Court requires that: (1) a final decision must be reached regarding the property ("finality prong"); and (2) the plaintiff must have exhausted state just compensation procedures ("exhaustion prong"). Williamson County Reg'l Planning Comm'n v. Hamilton Bank, 473 U.S. 172 (1985). The finality prong looks into whether a "definitive position" has been made that may inflict the property owner with deprivation, while the exhaustion requirement allows for an injured party to seek a forum to "review...an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate." Williamson, 473 U.S. at 193. Williamson's finality prong does not apply to a facial attack on an ordinance. See County Concrete Corp. v. Twp.

of Roxbury, 442 F.3d 159 (3d Cir. 2006). "Facial challenges to regulations are generally ripe the moment the challenged regulation or ordinance is passed, but face an uphill battle, since it is difficult to demonstrate that mere enactment of a piece of legislation deprived [the owner] of economically viable use of his property." County Concrete Corp., 442 F.3d at 164 (citing Suitum v. Tahoe Reg'l Planning Agency, 520 U.S. 725, 736 (1997)).

In order to assert a ripe claim for federal adjudication under the Takings Clause of the Fifth Amendment, the procedure is "whether it is a facial or as-applied claim, 'if a State provides an adequate procedure for seeking just compensation, the plaintiff must have exhausted this procedure." Miles v. Twp. of Barnegat, No. 05-1661, 2008 U.S. Dist. LEXIS 839, at *15 (D.N.J. Jan. 7, 2008) (quoting County Concrete Corp., 442 F.3d at 167-68). The Takings Clause is "designed not to limit the governmental interference with property *per se*, but rather to secure compensation in the event of otherwise proper interference amounting to a taking." CBS Outdoor, 2007 U.S. Dist. LEXIS 64155, at *28 (citing Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 537 (2005)). Plaintiff, however, claims that the exhaustion requirement is inapplicable because it is not seeking just compensation. In order to maintain a claim under the Takings Clause, Plaintiff must be denied just compensation prior to bringing a takings claim before this Court.

Plaintiff attempts to distinguish between an as-applied and facial violation of the Takings Clause. Nevertheless, since the Fifth Amendment prohibits the taking of property "without just compensation" and not the mere "taking," Plaintiff must first exhaust state procedures by seeking compensation in order to effectuate a ripe takings claim pursuant to the Fifth Amendment. See County Concrete Corp., 442 F.3d at 168 (citing Williamson, 473 U.S. at 194-95, n13). As long as a reasonable provision exists at the time of the taking to obtain just compensation, an aggrieved party

must exhaust those procedures. Williamson, 473 U.S. at 194. Since Plaintiff has not been denied just compensation, Plaintiff's claim fails as it is not ripe for federal adjudication. Failure to meet the exhaustion prong precludes the finality prong of the Takings Clause. See Miles, No. 05-1661, at *15.

### 2. Public Use Clause

Plaintiff seeks to circumvent state adjudicatory procedures under the veil of the Public Use Clause. As discussed above, failure to exhaust state remedies, renders a takings claim unripe. An exception to the exhaustion prong is the taking of property for private purposes. Edlin Ltd., 2008 U.S. Dist. LEXIS 41118 at *19. Plaintiff alleges that the taking of its property is for the "sole purpose of conferring a private benefit on a private developer."[8] (Compl.¶50).

A party can recover under the takings clause if "the uses offered to justify it are palpably without reasonable foundation, such as if (1) the sole purpose of the taking is to transfer property to a private property, or (2) the asserted purpose of the taking is a mere pretext for an actual purpose to bestow a private benefit." CBS Outdoor, 2007 U.S. Dist. LEXIS 64155, at *43 (citing Goldstein v. Pataki, 488 F. Supp. 2d 254, 286 (E.D.N.Y. 2007)). While Plaintiff has plead the "sole purpose" prong of this analysis, this Court declines to entertain this Public Use claim for the same reasons of the previous dismissal; preliminary entry of property did not and does not indicate an imminence of taking. See RLR, 2007 U.S. Dist. LEXIS 44703.

### C. Authority to Condemn

Plaintiff asserts that but for Defendants' inability to satisfy the constitutional predicate of the Takings Clause and Public Use Clause of the Fifth Amendment, as alleged in Counts One through

---

[8] The plan recommends development of large-scale retail use along Harrision Avenue, "like Home Depot, Walmart, and Target." See Compl. ¶18.

Three of the Complaint, there exists no authority to condemn.  See N.J.S.A. 20:3-16.  For reasons stated above, this Court does not find any constitutional violations on the part of Defendants and as such, Count IV of Plaintiff's Complaint is dismissed.

### D. State Law Claims

Because of the dismissal of Plaintiff's federal claims, this Court will not exercise its supplemental jurisdiction over the remaining state claims.  See Figueroa v. Buccaneer Hotel, 188 F.3d 172, 181 (3d Cir. 1999) (citing 28 U.S.C. §§ 1367(c)(3)).  Declining supplemental jurisdiction is appropriate where there is no apparent unfairness nor any overriding judicial interest when federal claims are dismissed.  Johnson v. Cullen, 925 F. Supp. 244, 251 (D.Del. 1996).  Therefore, Counts Five through Seven are **dismissed** for lack of supplemental jurisdiction.

### IV.    CONCLUSION

For the reasons stated, this Court finds that Defendants' motions to dismiss are **granted**.  An appropriate Order accompanies this Opinion.

                                           S/ Dennis M. Cavanaugh
                                           Dennis M. Cavanaugh, U.S.D.J.

Date:  June  25 , 2008
Orig.:  Clerk
cc:    Counsel of Record
       The Honorable Mark Falk, U.S.M.J.
       File